**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**UNITED STATES OF AMERICA,**
ex rel. **JOHN DOE,**

    **Plaintiffs,**

v.                                      Case No. 8:12-cv-2495-T-23TBM

**RECOVERY HOME CARE,**
**MARK CONKLIN, and**
**GLEN CASTILLO,**

    **Defendants.**
_____/

**O R D E R**

THIS MATTER is before the Court on the **Unopposed Motion of the United States to Intervene in Part** (Doc. 23), Memorandum in Support (Doc. 24), and Declaration of Christopher P. Tuite (Doc. 25). By its Motion, the United States seeks an Order allowing it to intervene in this *qui tam* action as to Defendants Recovery Home Care and Mark Conklin with respect to Counts I and II of the Relator's Complaint, pursuant to the False Claims Act, 31 U.S.C. § 3730(c)(3), and to file its complaint in intervention on or before August 11, 2014. It represents that the Relator and the Defendants do not oppose its Motion. It also notifies the Court that it declines to intervene as to Defendant Glen Castillo.

The False Claims Act permits private individuals (known as relators) to initiate a civil action alleging fraud on the government. Where such a case is filed, the United States is given 60 days - plus extensions, for good cause shown - to review the claims and decide whether it will elect to intervene and proceed with the action. 31 U.S.C. § 3730(b). Even

after the government declines to intervene in a *qui tam* action, the court may still permit the government to intervene at a later date on a showing of good cause. 31 U.S.C. § 3730(c)(3).

Here, the Relator's Complaint was filed November 2, 2012. (Doc. 1). The government sought two extensions of time to decide whether to intervene, which were granted. Thereafter, the government noticed the Court on January 14, 2014, that it was not then seeking to intervene because it had not yet completed its investigation. It requested that the relator's Complaint be unsealed. (Doc. 10). The file was thereafter unsealed and Relator was directed to serve the Defendants with the Complaint. (Doc. 11). Service was accomplished in May 2014. Thus, at this juncture the United States must demonstrate good cause to intervene.

The United States asserts that after completing review of more than 10,000 documents and deposing a number of witnesses, it has determined a good cause basis to intervene concerning two Defendants' financial relationships with various physicians, which it believes violate the Stark Law, 42 U.S.C. § 1395nn *et seq*, the Anti-Kickback Statute, 42 U.S.C. § 1320a-7b(b), and it seeks to assert additional common law claims for overpayments under Medicare. It asserts further that the Relator has no objection to the intervention and that given that the case is in its early stages, there is good cause to permit intervention.

Upon consideration, the **Unopposed Motion of the United States to Intervene in Part** (Doc. 23) is **GRANTED**. Given that the Government appears to have acted with reasonable diligence in its investigation; the fact that there appears little, if any, prejudice to the Defendants or the Relator (who does not oppose the intervention); the fact that no Defendant has answered the Relator's Complaint as of yet and no formal discovery has taken

place; and the fact that the United States may assert claims under common law theories of recovery which the Relator lacks standing to assert, there exists good cause to permit the United States to intervene at this time. Accordingly, it is so ordered.

The United States shall file its complaint in intervention on or before August 11, 2014.

**Done and Ordered** in Tampa, Florida, this 13th day of June 2014.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record